## FINNEGAN v. CITY OF ST. JOSEPH

STREETS—PLAT—DEDICATION—ESTOPPEL.

A landowner who makes a contract with a city to sell to it for street purposes a parcel of land to be used " as an extension of F. street," one of the streets shown by a plat theretofore made and recorded by him, is estopped to deny a dedication of F. street to the city for public purposes.

Error to Berrien; Coolidge, J. Submitted February 1, 1900. Decided March 13, 1900.

Ejectment by Henry Finnegan against the city of St. Joseph. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*T. J. Cavanaugh* and *L. A. Tabor*, for appellant.

*O'Hara & O'Hara*, for appellee.

HOOKER, J. Finnegan was defeated in an action of ejectment brought by him against the city of St. Joseph to recover from it the possession of certain premises claimed by the city to be public streets and alleys in what is known as "Finnegan's Addition to the City of St. Joseph." In January, 1892, the plaintiff platted certain lands, and caused the plat to be recorded in the office of the register of deeds. It contained 38 lots, and, as we understand, the streets and alleys in dispute. On April 29, 1892, while one McLin was mayor of the city, the plaintiff petitioned the common council to accept the plat. The plaintiff states that it was rejected, and that the offer was then withdrawn by him, and that he never afterwards presented it for acceptance. The defendant asserts that the subject was referred to a committee, and that it does not appear from the records of the city that a report was ever made.

In 1895, McLin bought 25 lots described on the plat, and then petitioned the council to accept the plat, which he procured from the real-estate agent with whom plaintiff had placed the lots for sale. On March 28, 1895, a resolution was adopted by the council accepting the plat, and this was indorsed thereon, and recorded with the plat. At this time the plaintiff had sold and conveyed all of the lots but four. Of these last mentioned he has since deeded two. One of the streets in dispute is Finnegan street, upon which many, if not all, of these lots front. In April, 1897,—four months before this action was commenced,— the plaintiff made a contract with the city, by which he promised to sell and convey for street purposes "a parcel of land 66 feet wide, extending west from the end of Fin-

negan street, for the purpose of extending said street,"
and it was afterwards deeded to the city, and he received
$600 therefor. A suit is now pending to amend this deed.
It appears that the city did not attempt to work the streets
until the spring of 1897. The court directed a verdict for
the defendant.

The important question in this case is whether this land
was dedicated and accepted as a street. If there is evi-
dence to the contrary, it is a question for the jury. The
plaintiff admits that he made and recorded the plat, and
asked the council to accept it. He testifies also that the
council refused to accept it, and that he then withdrew
it. It seems evident that the plat was not then accepted,
and that it was subsequently kept in the possession of the
plaintiff. The matter rested, then, as though he had never
presented the plat, and the plat had no more significance
than a private plat, unless the conduct of Finnegan was
such as to indicate a design to place the streets and alleys
under the control of the public as public ways, and to
permit acceptance at a subsequent time. He testifies that
he did nothing warranting such an inference; that he
worked the street himself at his own expense; and that the
city did nothing until the spring of 1897, when it attempted
to work the way against his protests. There is testimony
that he sold nearly all of the lots, and that he acquiesced
in a subsequent acceptance of the plat when it was pre-
sented to the council by McLin. He disputed this, and
said that it was done without his consent. He afterwards
made a contract and deed of land used to extend Finnegan
street. He admits this, but claims that he did not thereby
recognize Finnegan as a public street. He says it was a
private street, owned by him, in which his grantees had
easements. There is evidence in the case from which the
acquiescence of plaintiff in the second presentation and
acceptance of the plat might be inferred, but it is not con-
clusive, because it is disputed. In addition to this, how-
ever, he executed and performed a contract recognizing
the existence of, and promising to convey other lands to

the city for the purpose of extending, Finnegan street, for which he received $500 or $600.   My brethren are of the opinion that this conclusively shows a dedication, if it should not be found from the other testimony.

The judgment is therefore affirmed.

The other Justices concurred.